UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANDERSON | ) | |
| Plaintiff | ) | Case No.:  C-1-02-355 |
| | ) | |
| vs. | ) | Judge:  Weber |
| | ) | |
| AVON PRODUCTS | ) | |
| Defendant | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.    **DEFENDANT AVON, AS A MATTER OF LAW, WRONGFULLY DISAPPROVED PLAINTIFF'S FMLA LEAVE REQUEST AND AS A RESULT, IS NOT ENTITLED TO SUMMARY JUDGMENT.**

The Court must deny Defendant's motion because, although the Defendant has gone to great lengths to fashion a well-reasoned and articulated argument, its main argument (pp.14-15 of Defendant's memorandum) misses the mark as a matter of law.  The Defendant then misdirects the Court's attention to a "straw-man" argument it creates, and naturally successfully refutes.  (pp.15-18 of Defendant's memorandum)

The pertinent facts of this case are very simple, and the applicable law is patently clear.

The simple facts are as follows:

1.    Plaintiff requested leave under the Family Medical Leave Act.
2.    Plaintiff's request was forwarded by her doctor to the Defendant together with a Medical Certification form, which the doctor had prepared.
3.    The Defendant disapproved the leave because the doctor hadn't completely filled out the form.
4.    The Defendant never explained to the Plaintiff or her doctor, why it was denying her FMLA request.

The law governing these facts is set forth in a Regulation, promulgated under FMLA, which provides as follows:

> "**The employer shall advise an employee whenever the employer finds a certification incomplete**, and provide the employee a reasonable opportunity to cure any such deficiency."
> {emphasis added, 29 C.F.R. § 825.305 (b)}

Avon did not comply with the above Regulation, and thus was in violation of the Family Medical Leave Act.

However, Avon argues that it did comply with the above Regulation. On page 15 of its argument, it is stated as follows:

> "Therefore, Avon advised Plaintiff that her medical certification was incomplete and provided Plaintiff a reasonable opportunity to cure the deficiency. (See Exhibit 14 attached to Plaintiff's deposition)"

The above statement is absolutely incorrect and misleading. The Plaintiff was **never** advised that the FMLA medical certification submitted on her behalf by Dr. Leipzig was incomplete. Plaintiff's FMLA application was **denied without explanation**. (See deposition testimony of Marlene Wasson's on pp. 41-42 & 30-32 and Exhibit 5 of J. Anderson depo) Also, a reading of Defendant's Exhibit 14 reveals that it has absolutely no correlation in time or subject matter to support Avon's argument that it advised the Plaintiff that her **FMLA medical certification** was incomplete.

Next, the Defendant then proceeds to construct a "straw-man" argument. (pp. 15-18 of Defendant memo) Specifically, Defendant makes the following statement:

> "Plaintiff attempts to claim that Avon did not give her reasonable opportunity to cure the inadequate medical certification." (See p. 15 of Defendant's Memorandum)

Then, the Defendant proceeds at great length to refute that statement. The problem is that, as in every such "straw-man" argument, the Plaintiff herein is not arguing what the Defendant is

arguing against.  What plaintiff **is** claiming is that she was **never advised** that the medical

certification submitted to support her Family Medical Leave Act request, submitted on her behalf

by her doctor directly to Avon, was deemed by Avon to be incomplete.

Since the Defendant's main argument misses the point, to the state the obvious, the cases it

has cited in support of its argument are inapposite.  Thus, Robinson v. Franklin County Board of

Commissioners, 2002 U.S. Dist Lexis 25681, involves a plaintiff who failed to return a medical

certification – that is not our situation; and the other cases cited at pages 16 and 17 all deal with

how much time constitutes a "reasonable opportunity to cure" – again, that is not the issue

presented in our case.

If this Court should be in need of any guidance by way of existing case law, the Plaintiff

directs the Court's attention to the Sims v. Alameda-Contra Costa Transit Dist, 2 F Supp.2d 1253

(N.D.Cal 1998).  The Sims decision appears to be the leading case authority dealing with the issue

of an inadequate or incomplete medical certification submitted by an employee seeking FMLA

leave.

The Sims Court discusses at great length an employer's response to an employee's medical

certification.  The plaintiff employee in Sims had submitted medical information from a

chiropractor as well as from medical doctors.  The information was deemed by the employer to be

both inadequate and incomplete in that it did not cover all the days of the plaintiff's absence from

work.  Citing the FMLA regulations, the Sims Court, in denying the employer's motion for

summary judgment, held that the employer had an obligation to inform the plaintiff employee that

his certification was inadequate or incomplete.  The Court stated:

> "If AC Transit had fulfilled its obligations under the Act to
> properly notify Sims that it considered his certification to be
> incomplete and to give him a reasonable opportunity to correct it,
> the Court might agree with AC Transit.  But AC Transit did not do
> so.  The two-day insufficiency in his certification may not be

properly used as grounds for disciplining against because AC
Transit never notified him that the note he presented from his
chiropractor was inadequate or of lesser value than the notes from
the Kaiser doctors." (Sims at p. 1266)

For additional authority containing discussions of deficient or incomplete certifications

which Support the Plaintiff in the case at bar, see Marrerro v. Camden County Board of Social

Services 164F Supp.2d 455 (D.NJ 2001); Shtab v. Great Bay Hotel and Casino, Inc. 173 F Supp.2d

255 (D.NJ 2001); and Jiminez v. Velcro 2002 U.S. Dist. Lexis 3900 (D.NH 2002). These cases all

stand for the proposition, as set forth in Sims, that "termination is not an appropriate response for

an inadequate certification." (Sims at p. 268) That proposition applies to the case at bar.

Analogous authority, which is instructive to this case, is the very recent 6th Circuit decision

of Cavin v. Honda of America (2003 FED App 0366P (2003) electronic citation). An issue in

Cavin was whether or not the type of notice that Cavin provided Honda of his need for leave met

FMLA requirements. Quoting favorably from the 5th Circuit decision of Manuel v. Westlake

Polymers {66 F.3d 758, (1995)} our 6th Circuit, holding against the employer and placing the

burden directly on the employer, stated as follows:

"If Honda lacked 'sufficient information about the employee's
reason for taking leave [it] should [have] inquire[d] further to
ascertain whether the paid leave is potential FMLA-qualifying.'
*Manuel*, 66 F.3d at 762 (quotation omitted). Viewing the facts in
the light most favorable to Cavin, Honda was on notice and had a
duty to collect additional information from Cavin that would be
necessary to make his leave comply with FMLA requirements."
(Cavin, p. ___)

Although not directly on point, Cavin certainly is persuasive. The burden in our case is

likewise on the employer. In our situation, it is the employer's burden to advise the employee of

an incomplete certification. Avon did not and thus, Avon violated the FMLA. Avon's motion

must be denied.

(A)    **As a corollary argument, there exists a question of material fact and thus summary judgment is not appropriate.**

Defendant Avon argues that the medical certification, which accompanied the Plaintiff's Request for Family Leave, was **incomplete** and that is why the leave was denied.

The certification in question is that of Dr. Leipzig and is contained in the record as Exhibits 4 & 5 of the Jessica Anderson deposition. A reasonable person, reading Exhibits 4 & 5, could well conclude that the medical certification provided sufficient information to support leave under the FMLA. This certainly is a material fact and thus summary judgment should be denied.

II.    **IN LIGHT OF THE DETERMINATION THAT THE DEFENDANT VIOLATED THE FAMLY MEDICAL LEAVE ACT AND GIVEN THE CLOSE PROXIMITY IN TIME BETWEEN PLAINTIFF'S INVOKING HER RIGHTS UNDER THE FMLA AND HER DISCHARGE FROM AVON, TOGETHER WITH THE PRECISE REASON FOR HER TERMINATION BEING HER ABSENCE FROM WORK, THERE IS SUFFICIENT EVIDENCE FOR A REASONABLE PERSON TO CONCLUDE THAT THE DEFENDANT RETALIATED AGAINST THE PLAINTIFF.**

The facts before this Court, and the inferences derived therefrom, both viewed most favorably for the Plaintiff, satisfy the framework set forth in EEOC v. Avery-Dennison Corp., 104 F.3d 858 (Sixth Circuit 1997) to be used in analyzing retaliation claims under the FMLA.

To state the obvious, it would be a very rare situation where a Plaintiff would be able to reproduce either a written document or testimony from a Defendant that acknowledged that a workplace firing occurred because an employee applied for FMLA leave. Thus, courts have had to rely on indirect evidence and the inferences to be drawn from such evidence. The Plaintiff herein directs the Court's attention to the following specific facts:

1.    Plaintiff's doctors advised Plaintiff, because of a chronic condition she suffered, to be out of work between April 11 and June 12, 2000.

2.    Plaintiff requested leave under the FMLA Act and her request was disapproved because one of her doctors failed to complete a medical certification form.

3.    With reference to her disability and resulting absences, Plaintiff was advised to deal with Aetna Insurance Company.

4.    In early June one of the Plaintiff's doctors advised Aetna that the Plaintiff would be allowed to return to work during the second week of June.

5.    In early June Plaintiff sent a letter terminating her for her absences during this period of time and alleged job abandonment.

Clearly, Jessica Anderson engaged in a protected activity, which was known to Avon, and she was subjected to an adverse employment action. Courts have looked at "temporal proximity" between the protected activity and the adverse action to determine a causal connection.

Most recently, see the opinion of Judge Spiegel of this court in Abrams v. Millikin & Fitton Law Firm, 267 F Supp.2d 868 (2003), denying the defendant's motion for summary judgment on a retaliation claim involving FMLA leave. Judge Spiegel, cited the Sixth Circuit Decisions of Moon v. Transport Drivers, Inc., 836 F.2d 226 (1987) and Nguyen v. City of Cleveland 229 F.3d 559 (2000) in deciding that temporal proximity allowed for an issue of material fact with respect to causal relationship. The facts support a prima facie case.

Defendant proceeds to argue (pp. 21-24 of Defendant's Memorandum), under the framework of Avery Dennison Corp., 104 F.3d 858, that even if there is a prima facie case of retaliation, it has provided a legitimate, non-discriminatory reason for terminating Plaintiff's employment. This argument strains credulity and flies in the face of existing case law and the Regulations under the FMLA.

Defendant Avon's proffered reason for terminating the Plaintiff is that she abandoned her job and was absent. The Defendant Avon sent Jessica Anderson a letter, dated June 2, 2000, indicating an intention to terminate her for abandoning her job if she did not reply. (Exhibit 14 of

J. Anderson depo and paragraph 10 of Pam Meyers Affidavit)  Jessica responded by letter dated
June 5, 2000.  (Exhibit 15 of J. Anderson depo)  Any reasonable person could conclude, reading
Jessica's letter of June 5, that she certainly **did not** abandon her job.  Concerning "absences", the
Defendant argues as follows:

> "Plaintiff never provided the required medical certification and
> thus, her unsupported absences violated Avon's Attendance
> Policy."  (p. 22 of Defendant's Memorandum)

The Plaintiff maintained at that time, and still maintains now, that she was entitled to be
absent between April 11 and June 13, 2000 pursuant to the Family Medical Leave Act.  An
employer, who has violated the Family Medical Leave Act by denying an employee the right to
take leave under the Act, cannot then rely upon the employee's protected absences as a legitimate
reason for termination.  Illegal activity on behalf of an employer should not give birth to legitimate
reasons for terminating an employee.

Again, Regulations promulgated under the FMLA provide guidance on this issue.  Thus, it
is stated:  "…employers cannot use the taking of FMLA leave as a negative factor in employment
actions such as hiring, promotion, or disciplinary actions; nor can FMLA leave be counted under
'no fault' attendance policy."  {29 C.F.R. § 825.220 (c)}

The law simply does not allow Avon to rely upon the Plaintiff's absence from work
between April 11 and June 11 in deciding whether to terminate the Plaintiff for excessive
absenteeism.  {See Marrerro v. Camden County Board of Social Services 164 F Supp.2d 55
(2001)}  Thus, these absences cannot be used to satisfy the employer's burden to provide a
legitimate reason for termination of employment.  As a result, the Defendant's Motion for
Summary Judgment on the issue of retaliation must be denied.

Anderson memo in opposition

## III.    THE PLAINTIFF HAS USED REASONABLE EFFORTS TO MITIGATE HER DAMAGE.

Defendant's final argument (pp. 24-25) is that it is entitled to summary judgment because the Plaintiff hasn't adequately mitigated her damages.  This argument is without merit.

The apparent legal standard in any employment litigation is that a plaintiff who has suffered damages uses reasonable care and diligence in seeking employment to mitigate.  Plaintiff Jessica Anderson has met that standard.

The record before this Court reflects that the Plaintiff has sent out numerous resumes seeking employment, attended job interviews and worked part-time jobs as well as worked as an intern learning a job.  (See Exhibit 1, Interrogatory #9 of J. Anderson depo, as well as pp.24-39 and 188-196 of J. Anderson depo)

Worse case scenario for the Plaintiff is that there certainly is an issue of fact as to whether she has used reasonable efforts to mitigate her damages.  The record reviewed most favorably is that she has.  Defendant's mitigation argument should be denied.

## CONCLUSION

In light of the facts of record and the inferences deduced therefrom, viewed most favorably for the Plaintiff, together with the foregoing argument and legal authorities cited in support, this Court must conclude that Defendant's motion is not well taken and thus deny the same.

Daniel A. Kruse  (0009201)
Attorney for Plaintiff, Jessica Anderson
1029 Main Street
Cincinnati, Ohio  45202
(513) 241-3676

Anderson memo in opposition

8

## **Certificate Of Service**

I hereby certify that a copy of the foregoing, Memorandum in Opposition was sent by ordinary U.S. Mail to Defendant's attorney, Ellen J. Garling on the 20th day of January 2004.

Daniel A. Kruse  (0009201)