UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANDERSON | ) | |
|     Plaintiff | ) | Case No.: C-1-02-355 |
| | ) | |
| vs. | ) | Judge: Weber |
| | ) | |
| AVON PRODUCTS | ) | |
|     Defendant | ) | |

## PLAINTIFF JESSICA ANDERSON'S COUNTER-STATEMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AND HER OWN AFFIDAVIT

Pursuant to the Court's Scheduling Order, Plaintiff Jessica Anderson hereby submits her Counter-statement of Findings of Fact and Conclusions of Law, together with her own Affidavit, in support of her Memorandum in Opposition to the Defendant's motion.

### I.    FINDINGS OF FACT

1. Plaintiff Jessica Anderson was an employee of Defendant Avon Products from October 20, 1997 until June 9, 2000. (See J. Anderson Affidavit)

2. During all times pertinent to this lawsuit the Plaintiff suffered from a condition known as chronic urticaria and angiodema. (See Exhibit 5 of J. Anderson depo and J. Anderson Affidavit)

3. On or about April 26, 2000, Plaintiff had a scheduled office visit with Dr. Leipzig. (See J. Anderson Affidavit)

4. On April 25, 2000, the day before Jessica's visit with Dr. Leipzig, the Defendant Avon Products faxed directly to Dr. Leipzig's office a Request for Family

Medical Leave form for Jessica to complete, and a Certification of Health Care Provider form for Dr. Leipzig to complete. (See deposition of nurse M. Anderson at pp.13-14; 49-50)

5.  Jessica signed the Request for Family Medical Leave form and left it with Dr. Leipzig. (See J. Anderson Affidavit)

6.  Dr. Leipzig filled out and signed the Certification of Health Care Provider form and faxed it, together with the Request for Family Medical Leave form, back to the nurse at Defendant Avon Products. (See J. Anderson Affidavit and nurse M. Anderson depo at pp. 21-22)

7.  Upon receipt of Jessica's Request for Family Medical Leave form and Dr. Leipzig's Certification of Health Care Provider form, Marlene Wasson, Human Resource Director of Avon, made a determination that she would not approve the requested leave because Dr. Leipzig had not completely filled out the form and had failed to answer certain questions on the form. (See Wasson depo at pp. 25 and 53)

8.  Marlene Wasson then, on April 28, 2000, returned to Jessica, by ordinary mail, her Request for Family Medical Leave form, noting on the form that the leave had not been approved, but did not provide any explanation whatsoever as to why it had not been approved. Marlene Wasson only returned the two-page Request form to Jessica, she did not send to Jessica Dr. Leipzig's Certification. Also, Marlene did not notify Dr. Leipzig that his Certification of Health Care Provider form was deemed by her to be incomplete. (See Wasson depo at pp. 30-32, Exhibit 5 of J. Anderson depo and J. Anderson Affidavit)

9.  At precisely the time that Jessica was receiving her Request form back from Marlene Wasson, she, Jessica, was also receiving letters of instruction from her

supervisor as well as the Avon nurse, both dated April 28, 2000. Both of said letters advised Jessica to contact representatives of Aetna Insurance Co., and also made reference to the possibility of Family Medical Leave, but neither explained that in the opinion of Avon, the Certification of Health Care Provider form submitted by her doctor was incomplete and needed to be completed. (See Exhibits 12 and 13 of Anderson depo and J. Anderson Affidavit)

10. From April 29, 2000 onward, Jessica did not deal with the Avon nurse or the Avon Human Resource Director concerning her health issues, but instead dealt solely with representatives of the Aetna Insurance Co. (See J. Anderson Affidavit)

11. Jessica was released by her doctor to return to work on June 13, 2000. (See Exhibit 22 of J. Anderson depo)

## II. CONCLUSIONS OF LAW

1. Defendant Avon's failure to advise the Plaintiff that the Certification of Health Care Provider form submitted by her doctor was, in the opinion of Avon, incomplete, violated the Family Medical Leave Act.

2. Defendant Avon's disapproval of the Plaintiff's request for medical leave, without giving the Plaintiff's doctor an opportunity to complete the form he had submitted, was in violation of the Family Medical Leave Act.

Daniel A. Kruse (0009201)
Attorney for Plaintiff, Jessica Anderson
1029 Main Street
Cincinnati, Ohio 45202
(513) 241-3676

## Certificate Of Service

I hereby certify that a copy of the foregoing Counter-statement of Findings of Fact and Conclusions of Law and Affidavit was sent by ordinary U.S. Mail to Defendant's attorney, Ellen J. Garling on the 20th day of January 2004.

                                                Daniel A. Kruse (0009201)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANDERSON ) | | |
|     Plaintiff ) | Case No.: | C-1-02-355 |
| ) | | |
| vs. ) | Judge: | Weber |
| ) | | |
| AVON PRODUCTS ) | **AFFIDAVIT** | |
|     Defendant ) | | |

Comes now the undersigned and being first duly sworn states as follows:

1. My name is Jessica Anderson (formerly Elboussouni) and I am the Plaintiff in this action.

2. Throughout the period of time relevant to this lawsuit, I was suffering from a condition, diagnosed by my doctors as chronic urticaria and angiodema. I was being cared for by two physicians: Dr. Hunter and Dr. Liepzig, who suggested to me that my condition might be workplace related because of chemical sensitivity.

3. My Request for Family Medical Leave form and the accompanying Certification of Health Care Provider form, which is the subject matter of this action, were faxed on my behalf from my doctor's office directly to the nurse's office of Avon on April 26, 2000. Avon had faxed these forms directly to my doctor, Dr. Leipzig, the day immediately prior to my office visit.

4. On or about April 29, 2000, I received in the mail my Request form of two pages, which indicated on the bottom of the second page that my Request had not been approved. No explanation was provided as to why it had not been approved.

5. I was never advised by Avon the reason why my FMLA Request was not approved.

6. The Certification of Health Care Provider form, filled out by Dr. Leipzig, was not returned to me and, in fact, I never saw that form until after this lawsuit was filed.

7. To the best of my knowledge, the Certification of Health Care provider form was never returned to Dr. Liepzig's office nor was the doctor ever

anderson affidavit 1205

1

    contacted by Avon and advised that in their opinion the Certification form was incomplete.

8. On or about April 29, 2000, the same day in which I received the disapproval of the FMLA Request, I also received a letter from the Avon nurse as well as a letter from my supervisor (see Exhibits 12 and 13 of Anderson depo.).

9. I did not understand why I was simultaneously being advised by the Human Resource Person that my FMLA Request was not approved and by the nurse that the appropriate forms had been faxed to my doctor.

10. From April 29, 2000 forward, I focused solely on dealing with representatives of Aetna Insurance Co. as I was instructed to do so in the initial paragraphs of the two letters dated April 28, 2000.

11. I assumed that whatever medical information and or medical opinion my doctors passed on to Aetna would be shared with Avon. My assumption may not have been correct, but I was following the advice of Avon.

12. During the first week of June 2000, Aetna Insurance Co. was advised by both myself and by one of my treating physicians that I had continued to be unable to work throughout the month of May and that I would be able to return to work on or about June 10, 2000.

13. I was released by my doctor to return to work as of June 13, 2000.

Further, Affiant sayeth naught.

*[signature]*
Jessica Anderson

Sworn to and subscribed before me this _16_ day of January 2004.

*[signature]*
Notary Public

This instrument was prepared by:

DANIEL A. KRUSE, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
My Commission has no expiration
date. Section 147.03 O.R.C.

Daniel A. Kruse (0009201)
1029 Main Street
Cincinnati, Ohio 45202
(513) 241-3676

anderson affidavit 1205

2