UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jessica Anderson | ) | |
| | ) | |
| Plaintiff, | ) | Case No. C-1-02-355 |
| | ) | |
| vs. | ) | Judge Weber |
| | ) | |
| Avon Products, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AVON PRODUCTS, INC'S REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT, TOGETHER WITH ITS MOTION TO STRIKE AFFIDAVIT OF JESSICA ANDERSON**

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Defendant Avon Products, Inc. ("Avon") respectfully submits its Reply Memorandum in Support of its Motion for Summary Judgment and hereby requests this Court issue an Order striking the Affidavit of Jessica Anderson.[1]  In its Motion for Summary Judgment ("Motion"), Avon illustrated its entitlement to summary judgment on the grounds that Plaintiff could not establish a triable issue of fact as to any of her claims.  In  Plaintiff's Memorandum, she relies almost exclusively upon her Affidavit testimony to argue that sufficient issues of material fact exist to preclude summary judgment.  As set forth more fully below, however, Plaintiff may not create a genuine issue of material fact sufficient to defeat summary judgment by filing an Affidavit that contradicts statements made in a deposition.  As such, Sixth Circuit case law mandates that Plaintiff's Affidavit be stricken.

---

[1]  Pursuant to the Court's Scheduling Order, Avon served upon opposing counsel, and attached hereto, a copy of its Counter-Statement of Findings of Fact and Conclusions of Law.

1

Even if this Court permits use of Plaintiff's Affidavit (which it should not), the Affidavit does not establish a triable issue of fact as to any of her claims. Construing the evidence in a light most favorable to Plaintiff, it is abundantly clear that there are no genuine issues as to any material fact and Avon is entitled to summary judgment as a matter of law on Plaintiff's entire Complaint.

**II.    PLAINTIFF'S RELIANCE ON AN AFFIDAVIT THAT CONTRADICTS HER PRIOR DEPOSITION TESTIMONY MANDATES THAT THE AFFIDAVIT BE STRICKEN.**

The Sixth Circuit has undeniably established that a party may not create a genuine issue of material fact sufficient to defeat summary judgment by filing an affidavit that contradicts a statement made in the affiant's deposition. Reid v. Sears, Roebuck & Co., 790 F.2d 453 (6th Cir. 1986); See also, Smith v. Consolidated Rail Corporation, 91 F.3d 144 (6th Cir. 1996)(citing Reid and holding "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony."). Here, Plaintiff testified at her deposition that on approximately May 15, 2000, she spoke to Pamela Myers, SOAP/SSS Business Manager at Avon, who informed Plaintiff that she was only certified for time off through May 7, 2000 and without medical certification extending her time off work she was absent without leave. (See Pl. Depo., pp. 120, 124). Plaintiff testified that, at that time, she told Ms. Myers that she did not have any documentation certifying her off beyond May 7th. (Id.)

Moreover, Plaintiff testified that in early May 2000, Plaintiff's supervisor, Brian Bilz called her and indicated that she was not on an approved leave and that she needed to provide documentation for that approval. (See Pl. Depo., p. 219). Plaintiff further testified that she had at least one conversation with another Avon representative and, thus, Plaintiff understood that she was not approved for leave. (See Pl. Depo., p. 226).

Plaintiff now attempts to rely on an Affidavit indicating that she was never advised by Avon of the reason why her FMLA request was not approved. (See Affidavit of Jessica Anderson ("Pl. Aff., ¶___"), ¶5. Plaintiff further attempts to claim, via this eleventh hour Affidavit, that "From April 29, 2000 forward she focused solely on dealing with representatives from Aetna Insurance Company… ." (See Pl. Aff., ¶10). As Plaintiff spoke to Avon representatives on at least three occasions regarding why her FMLA leave request was not approved, she surely cannot now file a contrary Affidavit claiming she was never advised her FMLA certification was incomplete. In fact, during each of the occasions that Plaintiff spoke to Avon representatives, Plaintiff was informed that she was not on an approved leave and needed to provide documentation certifying her for time off. Plaintiff's Affidavit undeniably contradicts her deposition testimony and, as a result, fairness and justice necessitate that the Affidavit be stricken. (See Reid, supra; See also, Smith, supra).

### III. EVEN IF THIS COURT PERMITS USE OF PLAINTIFF'S AFFIDAVIT, AVON IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM THAT AVON WRONGFULLY DISAPPROVED PLAINTIFF'S FMLA LEAVE.

Plaintiff erroneously claims that Avon did not comply with FMLA regulations because Avon never advised Plaintiff that her FMLA certification was incomplete. (See Plaintiff's Memorandum, p. 2). Pursuant to FMLA regulations, "[t]he employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency." 29 C.F.R. § 825.305(b). As stated in Avon's Motion for Summary Judgment, no specific form of notification to the employee is provided by statute. See 29 C.F.R. § 825.305(b). Avon notified Plaintiff on at least three separate occasions, including the initial notice sent by Ms. Wasson on April 28, 2000, that Plaintiff's FMLA certification was disapproved and that further documentation was needed. (See Section II, supra). As such, Plaintiff's flawed reasoning leads her to the illogical conclusion that Avon somehow presents a

3

"straw-man" argument. (See Plaintiff's Memorandum, p. 2).[2] Moreover, Plaintiff claims that Avon never advised her doctor why Avon denied Plaintiff's FMLA request. But the FMLA prohibits employers from contacting doctors directly on this issue. See 29 C.F.R. § 825.305(b).

Once Avon notified Plaintiff that her FMLA certification was inadequate, Avon next provided Plaintiff a reasonable opportunity to cure the deficiency. See Robinson v. Franklin County Board of Commissioners, 2002 U.S. Dist. LEXIS 25681. Courts generally construe 15 days as a reasonable time allowance to cure a deficiency. See 29 C.F.R. § 825.305(b); See also, Dillon v. Carlton, 977 F. Supp. 1155 (W.D. Fla. 1997); Legrand v. Village of McCook, 1998 U.S. Dist. LEXIS 5230, *16 (N.D.Ill. 1998); Geen v. Labor & Indus. Review Comm'n, 654 N.W.2d 1, 9 (Ct. App. Wisc.). Even if Avon gave Plaintiff a shorter time than 15 days, however, it is not automatically considered as unreasonable. Cavin v. Honda of Am. Mfg., 2002 U.S. Dist. LEXIS 19601, *72 (S.D. Ohio 2002), reversed on other grounds, 2003 U.S. App. LEXIS 20722 (6th Cir. October 10, 2003).[3]

Here, like the FMLA requires and Robinson, Avon required Plaintiff to provide medical certification from Plaintiff's health care provider. (See Defendant's Exhibit 13, attached to Pl. Depo.). Avon further gave Plaintiff more than fifteen days, i.e., over thirty (30) days, from the time Avon requested the certification before terminating her employment.

---

[2] Plaintiff further incorrectly cites several cases as standing for the proposition that "termination is not an appropriate response for an inadequate certification." See Sims v. alameda-Contra Costs Transit Dist., 2 F. Supp. 2d 1253 (N.D. Cal. 1998); Marrero v. Camden County Board of Social Services, 164 F. Supp. 2d 455 (D.N.J. 2001; Shtab v. Great Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255 (D.N.J. 2001) and Jiminez v. Velcro, 2002 U.S. Dist. LEXIS 3900 (D.N.H. 2002) Each case simply holds that employers must provide notice to employee of an incomplete FMLA certification and does not, as Plaintiff claims, state that termination is not an appropriate response.

[3] In Cavin v. Honda of America Mfg., Inc., No. 02-3357. 2003 U.S. App. LEXIS 20722 (6th Cir. October 10, 2003), the Sixth Circuit Court of Appeals held that an employee could not be terminated for failure to comply with an employer's FMLA notice requirements for unforeseeable leave "*if those requirements are more stringent than the requirements contemplated by the FMLA.*" (Emphasis added). The Court of Appeals did not specifically address the employee's opportunity to cure the deficiency because the Court ruled the employer's strict notice requirements violated the FMLA.

After being given the reasonable opportunity to cure the deficiency of her medical certification, it was Plaintiff's responsibility to make sure that the complete certification was submitted in time. See Stoops v. One Call Communications, Inc., 141 F.3d 309, 313, 314 (7th Cir. 1998); Cavin v. Honda of Am. Mfg., 2002 U.S. Dist. LEXIS 19601, *72, *78 (S.D. Ohio 2002), reversed on other grounds, 2003 U.S. App. LEXIS 20722 (6th Cir. October 10, 2003). Plaintiff simply did not do so and she has failed to provide *any* evidence otherwise. See Stoops, supra; See also, Cavin, supra. Moreover, after notifying Plaintiff that her FMLA certification was inadequate, Avon was justified in disapproving Plaintiff's requested FMLA leave and subsequently terminating her because of her: (a) unreported absences (b) failure to cure the deficiencies in her medical certification and (c) job abandonment. See Cavin, supra. Once again, Plaintiff has failed to provide any evidence Avon wrongfully disapproved Plaintiff's FMLA leave request. As such, Avon is entitled to summary judgment on Plaintiff's FMLA claim as a matter of law.

Instead, Plaintiff attempts to claim that a question of material fact exists as to whether Plaintiff's FMLA certification was complete. The FMLA provides in pertinent part:

> A certification is considered sufficient if it contains: (1) the date on which the serious health condition began; (2) the probable duration of the condition; (3) the medical facts within the knowledge of the health care provider regarding the condition; **and** (4) if the leave is for the purpose of caring for a family member, an estimate of the amount of time that the employee will be needed to care for the family member.

29 U.S.C. §2613(b); Shtab v. Greate Bay Hotel and Casino, Inc., 173 F. Supp. 2d 255, (D.N.J. 2001).

The FMLA clearly outlines the requirements for a sufficient certification. (Id.) A review of the certification provided by Plaintiff's physician clearly shows that the certificate was incomplete—it failed to provide information regarding Plaintiff's serious health condition and, most importantly, the probable duration of her condition. As a result, her certification was incomplete. Plaintiff has failed to provide any evidence supporting her blind contention that the FMLA

5

somehow recognizes a "reasonable person" standard when reviewing whether a certification is sufficient. This contention is not grounded in either the FMLA or supporting case law. As a result, Avon is entitled to summary judgment as a matter of law.

**IV.    PLAINTIFF HAS FAILED TO PROVIDE *ANY* EVIDENCE THAT AVON RETALIATED AGAINST HER FOR INVOKING HER RIGHTS UNDER THE FMLA, AND, THUS, AVON IS ENTITLED TO SUMMARY JUDGMENT.**

   **A.    Plaintiff Has Failed To Establish A Prima Facie Case Of Retaliation Under The FMLA.**

Plaintiff failed to provide any evidence to establish a prima facie case of retaliation under the FMLA and, instead, mistakenly cites Abrams v. Millikin & Fitton, 267 F. Supp.2d 868 (2003), as persuasive to this case. The facts of Millikin & Fitton, however, are distinguishable. Specifically, in Millikin & Fitton, the facts dealt with an employee's protected FMLA time off and her ultimate termination, which occurred less than three months after the employee's FMLA leave. Id. The employee cited to employer statements that reflected attitudes that her legitimate FMLA leave was held against her. Id.

Here, Plaintiff was never on any employee protected FMLA time off. Moreover, Plaintiff presents no evidence that her ultimate termination, which occurred almost two months after Plaintiff's FMLA request was disapproved, was in retaliation for her FMLA request.

Moreover, Plaintiff inaccurately argues that she engaged in a protected activity and, thus, she was subjected to an adverse employment action. (See Plaintiff's Memorandum, p. 6). Plaintiff, however, has not raised any facts for a reasonable jury to conclude that Avon retaliated against Plaintiff for invoking her rights under the FMLA. Thompson v. Ameritech Adver. Servs., 2002 U.S. App. LEXIS 13158 (2002). In Thompson, the Sixth Circuit Court of Appeals held that "the temporal proximity argument is particularly unconvincing where a plaintiff's claim of retaliation is otherwise weak." Id.

6

Likewise, as stated in Avon's Motion for Summary Judgment, Plaintiff has failed to establish her prima facie case because she cannot prove that Avon's termination decision was causally related to her having requested FMLA leave in April 2000. In order for Plaintiff to establish that Avon's termination decision was causally related to her having requested FMLA leave in April 2000, Plaintiff must show that Avon would not have terminated her employment "but for" Plaintiff's request for FMLA leave. Agee v. Northwest Airlines, Inc., 151 F. Supp. 2d 890 (E.D. Mich. 2001). Plaintiff has not made this showing. In fact, in her Opposition Memorandum, Plaintiff fails to even address whether Avon would not have terminated her employment "but for" Plaintiff's request for FMLA leave.

Here, like Thompson, this Court should find the temporal proximity argument unconvincing as Plaintiff's claim of retaliation is otherwise weak. Plaintiff has failed to provide any evidence that her ultimate termination, which occurred almost two months after Plaintiff's FMLA request was disapproved, was in retaliation for making her FMLA request. Moreover, because Plaintiff has failed to show that Avon would not have terminated her employment "but for" Plaintiff's request for FMLA leave, this Court should hold that Plaintiff has not established a prima facie case of retaliation and, thus, this Court should grant Avon summary judgment as a matter of law.[4]

**B.     Plaintiff Has Failed To Provide Any Proof Of Pretext By Avon.**

Even if this Court finds that Plaintiff established a prima facie case of retaliation, which she has not, Avon is still entitled to summary judgment because Avon has provided a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. Texas Dep't of Community

---

[4] Defendant Avon receives and grants hundreds of FMLA leave requests each year. (Wasson Depo., pp. 17-18) Plaintiff has not come forward with any evidence to suggest that Avon is the type of employer that terminates employees solely because they requested FMLA leave. Further, Plaintiff's argument is further weakened by the fact that Plaintiff herself had previously requested FMLA leave to care for a sick family member, which was denied. However, following this denial, Plaintiff remained employed. These facts undercut Plaintiff's argument that Avon retaliated against her simply for making a FMLA leave request.

Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); See also, Avery-Dennison Corp, 104 F.3d at 862; See also, Richardson v. CVS Corporation, 207 F. Supp. 2d 733 (E.D. Tenn. 2001). In Richardson, the plaintiff presented undisputed proof that she contacted her supervisor to promptly inform him that she was still medically unable to return to work. Moreover, only six or nine days later after speaking with her supervisor, the plaintiff provided medical documentation supporting her need for increased leave.

The district court held that the plaintiff had, in fact, presented sufficient proof to raise a genuine issue with respect to the issue of pretext. Here, as discussed in Avon's Motion for Summary Judgment, Plaintiff had a well-documented history of absenteeism and poor attendance. Moreover, with respect to FMLA certification, Plaintiff was contacted by her supervisor, Mr. Bilz, who indicated that her absences were unsupported. Specifically, Mr. Bilz counseled Plaintiff in early May 2000 indicating that her absences were not documented and that she needed to provide documentation for time off after May 7, 2000. (See Pl. Depo., p. 219).

Indeed, as more fully explained above, it is undisputed that Plaintiff had a history of absenteeism, severe enough that Avon counseled Plaintiff several times regarding her poor attendance. (See Pl. Depo., p. 198). Plaintiff's supervisor in May 1998, Ms. Bonadio, placed a Memorandum in Plaintiff's personnel file indicating that Plaintiff had accumulated 85 hours of absence since the inception of her employment. (See Defendant's Exhibit 19, attached to Pl. Depo.). Ms. Bonadio warned Plaintiff that "[i]f these absences continue to occur, Jessica's employment with Avon could be at risk." (See Defendant's Exhibit 19, attached to Pl. Depo.). Once again, in August 1999, Avon placed Plaintiff on restriction for a period of time and counseled her regarding her poor attendance. (See Pl. Depo., p. 214).

Moreover, on February 15, 2000, Plaintiff's supervisor, Mr. Bilz, met with Plaintiff to

discuss Plaintiff's poor attendance. (See Defendant's Exhibit 10, attached to Pl. Depo.). Mr. Bilz warned Plaintiff that she needed to show immediate and sustained improvement or further disciplinary action would be taken, up to and including termination. (See Pl. Depo., p. 112; See also, Defendant's Exhibit 10, attached to Pl. Depo.). Plaintiff never provided the required medical certification and, thus, her unsupported absences violated Avon's Attendance Policy. Clearly, this reason, together with Plaintiff's poor attendance record is a legitimate, nondiscriminatory reason for Avon to terminate Plaintiff.

    **C.**    **Plaintiff Has Failed To Show That Avon's Legitimate, Nondiscriminatory Reason For Terminating Plaintiff's Employment Is A Mere Pretext For Retaliation.**

In order to survive a motion for summary judgment, Plaintiff must set forth legally sufficient evidence that the legitimate, nondiscriminatory reason set forth above is a pretext for retaliation. Burdine, 450 U.S. at 252-53; Avery-Dennison, 104 F.3d at 862. Plaintiff provides insufficient evidence to meet this burden and, thus, she has failed to raise a genuine issue with respect to pretext. Instead, Plaintiff summarily attempts to state the facts, without including all of the relevant facts. Specifically, Plaintiff indicates that Avon sent Plaintiff a letter indicating the intention to terminate her employment for abandonment, if she did not reply. (See Plaintiff's Memorandum, p. 6). Interestingly, however, Plaintiff neglects to mention that Avon provided Plaintiff at least seven (7) days to respond to this letter. (See Defendant's Exhibit 14, attached to Pl. Depo.).

Moreover, Plaintiff indicates that she responded by letter dated June 5, 2000. (See Plaintiff's Memorandum, p. 7; See also, Defendant's Exhibit 15, attached to Pl. Depo.). Plaintiff, however, once again excludes the fact that she did not mail this letter and Avon did not receive it until after the deadline expressed in Avon's correspondence. (See Pl. Depo., p. 160). Plaintiff then makes the statement that, "[a]n employer, who has violated the Family Medical Leave Act by

9

denying an employee the right to take leave under the Act, cannot then rely upon the employee's protected absences as a legitimate reason for termination." (See Plaintiff's Memorandum, p. 7). Plaintiff cites the case of Marrero v. Camden County Board of Social Services, 164 F. Supp.2d 55 (*sic*) (2001) as support for the proposition espoused. (Id.). The court in Marrero, however, decided that an employer could not rely on FMLA absences in dismissing an employee for *taking* FMLA leave as legitimate, nondiscriminatory reasons. See Marrero, supra. Here, Plaintiff was never taking FMLA approved leave and the facts and holding of Marrero are distinguishable.

Sixth Circuit case law unmistakably provides that Plaintiff "must do more than simply impugn the legitimacy of the asserted justification; in addition the plaintiff must also adduce evidence of Avon's discriminatory animus." Pierce v. Commonwealth Life Insurance Co., 40 F.3d 796, 804 (6th Cir. 1994); See also, Mitchell v. Toledo Hospital, 964 F.2d 577, 585 (6th Cir. 1992)(Courts repeatedly hold that the plaintiff's denial of the defendant's articulated legitimate reason without producing substantiation for the denial is insufficient for a discrimination claim to withstand a motion for summary judgment).

In the instant case, Avon likewise had an honest belief in its proffered reason for terminating Plaintiff's employment. Plaintiff has failed to produce any evidence of Avon's alleged discriminatory animus. In Plaintiff's Memorandum, Plaintiff incontrovertibly fails to provide any evidence of discriminatory animus by Avon. Because Plaintiff has failed to show both a genuine issue of material fact as to whether Avon's proffered reason for her termination is pretextual, as well as any evidence of discriminatory animus by Avon, Plaintiff's claim fails as a matter of law and Avon is entitled to summary judgment on Plaintiff's retaliation claim. See Avery-Dennison, 104 F.3d at 862.

**V. EVEN IF THIS COURT DETERMINES THAT PLAINTIFF HAS MET HER BURDEN, WHICH AVON SPECIFICALLY DENIES, PLAINTIFF HAS FAILED TO ADEQUATELY MITIGATE ANY ALLEGED DAMAGES.**

Plaintiff has failed to provide any evidence that she used reasonable diligence in seeking equivalent positions. Taylor v. Invacare Corp, 2003 U.S. App. LEXIS 10318 (6th Cir. 2003); See also, Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 623 (6th Cir. 1983). As an alternative, Plaintiff attempts to argue that she sent out numerous resumes seeking employment, attended job interviews, worked part-time and worked as an intern. (See Plaintiff's Memorandum, p. 8). The record, however, is strikingly apparent that Plaintiff quit her paying job at BW-3 because she did not want to work for her friends. The record is further clear, and Plaintiff testified, that she quit working in paid positions at both AAAA International and Drive-Rite in order to take a non-paid position working for Carbazaar. (See Pl. Depo., pp. 25-26). Ultimately, Plaintiff testified that, while receiving no cash compensation, she voluntarily worked in this non-paid position for approximately a year-and-a-half. (See Pl. Depo., pp. 27, 32).

Likewise, paying jobs were plentiful for individuals of Plaintiff's age, skill and experience. (See Defendant's Exhibit 1, attached to Pl. Depo.). Although Plaintiff claims that she sent numerous resumes, attended job interviews, worked part-time and worked as an intern, Plaintiff has failed to provide any evidence that any of these positions were equivalent to her employment with Avon. Plaintiff further has failed to provide any evidence that she sought out equivalent positions and, thus, Plaintiff has failed to adequately mitigate her alleged damages.

**VI. CONCLUSION**

For the foregoing, and the reasons contained in Avon's Motion for Summary Judgment, Avon respectfully requests that the Court strike Plaintiff's eleventh hour Affidavit and grant Avon's Motion, dismiss Plaintiff's Complaint with prejudice, and enter judgment in Avon's favor.

Respectfully submitted,

/s/ Jeffery L. VanWay
Ellen J. Garling (0043554)
BAKER & HOSTETLER, LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio 43215
(614) 228-1541

and

Jeffery L. VanWay (0069175)
Bryant L. Brewer (0072152)
BAKER & HOSTETLER, LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202
(513) 929-3400
(513) 929-0303 – Fax
email: jvanway@bakerlaw.com
Trial Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23rd, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed the foregoing by regular U.S. mail, postage prepaid on this 23rd day of February, 2004, to Daniel A. Kruse, Attorney for Plaintiff, 1029 Main Street, Cincinnati, Ohio 45202.

/s/ Jeffery VanWay
Jeffery VanWay