UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| JESSICA ANDERSON | ) | |
| Plaintiff | ) | Case No.:   C-1-02-355 |
| | ) | |
| vs. | ) | Judge:   Weber |
| | ) | |
| AVON PRODUCTS | ) | |
| Defendant | ) | |


**DEFENDANT, AVON PRODUCTS, INC.'S COUNTER-STATEMENT OF
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Court's Scheduling Order, Defendant, Avon Products, Inc.

("Avon") hereby submits its Highlighted Counter-Statement of Findings of Fact and

Conclusions of Law in support of its Motion for Summary Judgment.

## I.    FINDINGS OF FACT

1.    Plaintiff Jessica Anderson was an employee of Defendant Avon Products from October 20, 1997 until June 9, 2000.  (See J. Anderson Affidavit)

2.    During all times pertinent to this lawsuit the Plaintiff suffered from a condition known as chronic urticaria and angiodema.  (See Exhibit 5 of J. Anderson depo and J. Anderson Affidavit)

3.    On or about April 26, 2000, Plaintiff had a scheduled office visit with Dr. Leipzig.  (See J. Anderson Affidavit)

4.    On April 25, 2000, the day before Jessica's visit with Dr. Leipzig, the Defendant Avon Products faxed directly to Dr. Leipzig's office a Request for Family Medical Leave form for Jessica to complete, and a Certification of Health Care Provider

form for Dr. Leipzig to complete.  (See deposition of nurse M. Anderson at pp.13-14; 49-50)

5.      Jessica signed the Request for Family Medical Leave form and left it with Dr. Leipzig.  (See J. Anderson Affidavit)

6.      Dr. Leipzig filled out and signed the Certification of Health Care Provider form and faxed it, together with the Request for Family Medical Leave form, back to the nurse at Defendant Avon Products.  (See J. Anderson Affidavit and nurse M. Anderson depo at pp. 21-22)

7.      Upon receipt of Jessica's Request for Family Medical Leave form and Dr. Leipzig's Certification of Health Care Provider form, Marlene Wasson, Human Resource Director of Avon, made a determination that she would not approve the requested leave because Dr. Leipzig had not completely filled out the form and had failed to answer certain questions on the form.  (See Wasson depo at pp. 25 and 53)

8.      Marlene Wasson then, on April 28, 2000, returned to Jessica, by ordinary mail, her Request for Family Medical Leave form, noting on the form that the leave had not been approved, but did not provide any explanation whatsoever as to why it had not been approved.  Marlene Wasson only returned the two-page Request form to Jessica, she did not send to Jessica Dr. Leipzig's Certification.  Also, Marlene did not notify Dr. Leipzig that his Certification of Health Care Provider form was deemed by her to be incomplete.  (See Wasson depo at pp. 30-32, Exhibit 5 of J. Anderson depo and J. Anderson Affidavit)

9.      At precisely the time that Jessica was receiving her Request form back from Marlene Wasson, she, Jessica, was also receiving letters of instruction from her supervisor as well as the Avon nurse, both dated April 28, 2000.  Both of said letters

Anderson counterstatement

advised Jessica to contact representatives of Aetna Insurance Co., and also made reference to the possibility of Family Medical Leave, but neither explained that in the opinion of Avon, the Certification of Health Care Provider form submitted by her doctor was incomplete and needed to be completed.   (See Exhibits 12 and 13 of Anderson depo and J. Anderson Affidavit)

10.    From April 29, 2000 onward, Jessica did not deal with the Avon nurse or the Avon Human Resource Director concerning her health issues, but instead dealt solely with representatives of the Aetna Insurance Co.  (See J. Anderson Affidavit)

11.    Jessica was released by her doctor to return to work on June 13, 2000. (See Exhibit 22 of J. Anderson depo)

## II.    CONCLUSIONS OF LAW

1.    Defendant Avon's failure to advise the Plaintiff that the Certification of Health Care Provider form submitted by her doctor was, in the opinion of Avon, incomplete, violated the Family Medical Leave Act.

2.    Defendant Avon's disapproval of the Plaintiff's request for medical leave, without giving the Plaintiff's doctor an opportunity to complete the form he had submitted, was in violation of the Family Medical Leave Act.

Respectfully submitted,

/s/ Jeffery L. VanWay
Ellen J. Garling (0043554)
BAKER & HOSTETLER, LLP
Capitol Square, Suite 2100
65 East State Street
Columbus, Ohio  43215
(614) 228-1541

and

Anderson counterstatement

Jeffery L. VanWay (0069175)
Bryant L. Brewer (0072152)
BAKER & HOSTETLER, LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio  45202
(513) 929-3400
(513) 929-0303 – Fax
email: jvanway@bakerlaw.com
Trial Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on February 23rd, 2004 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants and I hereby certify that I have mailed the foregoing by regular U.S. mail, postage prepaid on this 23rd day of February, 2004, to Daniel A. Kruse, Attorney for Plaintiff, 1029 Main Street, Cincinnati, Ohio 45202.

/s/ Jeffery VanWay
Jeffery VanWay

BARRISTERS,  83523, 00013, 500027782.1

Anderson counterstatement

4